## SERVICE v. MUTUAL LIFE INS. CO. OF NEW YORK.

### No. C. A. 71.

District Court, W. D. Pennsylvania.

March 28, 1945.

Martin E. Cusick and Service, McNeal, Cusick & Isenberg, all of Sharon, Pa., for plaintiff.

Wm. F. Illig and Gunnison, Fish, Gifford & Chapin, all of Erie, Pa., for defendant.

SCHOONMAKER, District Judge.

This case was removed from the Court of Common Pleas of Mercer County, Pennsylvania, by defendant. Before answering, defendant has moved: (1) To dismiss for failure to state a cause of action on which relief can be granted; (2) For a more definite statement or bill of particulars of the matter alleged in paragraphs 7, 9, and 10 of the complaint.

As to the motion to dismiss, we are of the opinion that the complaint does state a cause of action on which relief can be granted.

As to the motion for a more definite statement, this is a suit to recover double indemnity under the provisions of an insurance policy issued by defendant to Fred A. Service. By the terms of this policy, defendant agreed to pay the beneficiary named therein, Anna V. Service, $20,000 on due proof of death, or $40,000 on due proof that such death resulted from bodily injury effected solely through external, violent, and accidental means.

Our conclusion is that the complaint is sufficiently definite in the allegations of paragraphs 7 and 9, which aver that the insured died June 13, 1944, as the result of bodily injuries caused by a fall from the second floor to the first floor of his residence; that his death within an hour after the accident, resulted from bodily injuries effected solely through external, violent, and accidental means, independently and exclusively of all other causes, of which there was evidence by a visible contusion or wound on the exterior of his body.

Paragraph 10 of the complaint, however, merely alleges that proof of death of said insured on blanks provided by the defendant company was furnished the said defendant on or about July 12, 1944. The policy provides that the forty-thousand-dollars double indemnity shall be payable "upon receipt of due proof that such death resulted from bodily injury effected solely through external and accidental means".

We therefore conclude that the defendant is entitled to a more definite statement or bill of particulars of the matters alleged in paragraph 10 of the complaint to show that proofs were submitted to defendant that the insured's death resulted from bodily injury effected solely through external and accidental means. Such bill of particulars shall be filed within twenty days from the date of the order of the court.

Counsel for defendant may submit an order accordingly on notice to opposing counsel.